1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10

11   JESSE COLLINS,                          )   Case No.: 1:15-cv-00559-JLT
                                             )
12                  Petitioner,              )   ORDER TO SHOW CAUSE WHY THE PETITION
                                             )   SHOULD NOT BE DISMISSED FOR VIOLATION
13          v.                               )   OF THE ONE-YEAR STATUTE OF
                                             )   LIMITATIONS AND LACK OF EXHAUSTION
14   J. SOTO,                                )
                                             )
15                  Respondent.              )   ORDER DIRECTING THAT RESPONSE BE
                                             )   FILED WITHIN THIRTY DAYS
16   _____        )

17          Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.

19                                   **PROCEDURAL HISTORY**

20          The instant petition was filed on March 26, 2015, in the Central District of California (Doc. 1),

21   and transferred to this Court on April 10, 2015.  (Doc. 3).[1]  A preliminary review of the petition,

22

23   _____

24   [1] In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed
     on the date of its submission to prison authorities for mailing, as opposed to the actual date of its receipt by the court clerk.
     Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's mailing of
     legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to
25   his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see Houston, 487 U.S. at 271. The Ninth Circuit has applied the
     "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the AEDPA. Saffold v. Neland,
26   250 F.3d 1262, 1268-1269 (9th Cir. 2000); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). The date the petition
     is signed may be considered the earliest possible date an inmate could submit his petition to prison authorities for filing
27   under the mailbox rule. Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003). Accordingly, for all of Petitioner's
     state petitions and for the instant federal petition, the Court will consider the date of signing of the petition (or the date of
     signing of the proof of service if no signature appears on the petition) as the earliest possible filing date and the operative
28   date of filing under the mailbox rule for calculating the running of the statute of limitation.  Petitioner signed the instant
     petition on March 26, 2015. (Doc. 1, p. 8).

1 | however, reveals that the petition may be untimely and should therefore be dismissed. Also, it appears

2 | that Petitioner has never raised his claim to the California Supreme Court, thus rendering his petition

3 | unexhausted.

4 | **DISCUSSION**

5 | A.  Preliminary Review of Petition.

6 | Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if

7 | it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not

8 | entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

9 | Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

10 | corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after

11 | an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

12 | The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a

13 | habeas petition on statute of limitations grounds if the court provides the petitioner adequate notice of

14 | its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.  By issuing this Order to

15 | Show Cause, the Court is affording Petitioner the notice required by the Ninth Circuit in Herbst.

16 | B.  Limitation Period For Filing Petition For Writ Of Habeas Corpus

17 | On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

18 | (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed

19 | after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries

20 | v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant

21 | petition was filed on March 25, 2015, and thus, it is subject to the provisions of the AEDPA.

22 | The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

23 | petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

24 | (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

25 | limitation period shall run from the latest of –

26 | (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

27 |

28 | (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1

2
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

4
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

5

6
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

7   28 U.S.C. § 2244(d).

8   In most cases, the limitation period begins running on the date that the petitioner's direct review

9   became final.  Here, the Petitioner was convicted in 1997 and his direct appeal concluded with the

10  denial of his petition for review in the California Supreme Court on March 9, 1999.  However, it

11  appears that Petitioner is appealing the purported denial of his request for "recall" of his sentence,

12  pursuant to California Penal Code sec. 1170.126, which went into effect on November 7, 2012 and

13  provides for relief from an indeterminate life sentence under California's Three Strikes Law in certain

14  circumstances.  Thus, here, under subsection (d), of section 2244, the limitation period would have

15  begun to run on "the date on which the factual predicate of the claim or claims presented could have

16  been discovered through the exercise of due diligence."   It appears that date would have been the

17  effective date of sec. 1170.126.

18  By that calculation, the one-year period would have begun on November 8, 2012, and would

19  have continued until it expired 365 days later on November 7, 2013.  Since the instant petition was filed

20  on March 25, 2015, approximately 18 months after the one-year period would have expired, the petition

21  would appear to be untimely, unless Petitioner is entitled to statutory or equitable tolling.

22  C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

23  Under the AEDPA, the statute of limitations is tolled during the time that a properly filed

24  application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §

25  2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

26  governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

27  U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California petitioner

28  completes a full round of [state] collateral review," so long as there is no unreasonable delay in the

1  intervals between a lower court decision and the filing of a petition in a higher court.  Delhomme v.

2  Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by Waldrip v.

3  Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); see

4  Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold, 536 U.S. 214,

5  220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

6        Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.

7  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the

8  filing of an application for post-conviction or other collateral review in state court, because no state

9  court application is "pending" during that time.  Nino, 183 F.3d at 1006-07; Raspberry v. Garcia, 448

10  F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between

11  finality of an appeal and the filing of a federal petition.  Id. at 1007.   In addition, the limitation period

12  is not tolled during the time that a federal habeas petition is pending.  Duncan v. Walker, 563 U.S. 167,

13  181-182, 121 S.Ct. 2120 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as

14  amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the

15  limitation period has already run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d

16  820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that

17  has ended before the state petition was filed"); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001).

18  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises

19  unrelated claims.  See Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

20        Here, Petitioner attached documents to his petition that suggest he filed state habeas petitions in

21  2001, 2003, 2004, 2007, 2008, and 2009.  Obviously, any petition filed prior to the effective date of

22  sec. 1170.126 on November 7, 2012 could not have been raising that new statutory provisions as a

23  grounds for habeas relief and, thus, would be irrelevant to the timeliness analysis since they were filed

24  prior to the running of the one-year period.  A tolling provision has no applicability where the period to

25  be tolled has not commenced.  See Hill v. Keane, 984 F.Supp. 157, 159 (E.D.N.Y. 1997), *abrogated on*

26  *other grounds*, Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999) (state collateral action filed before

27  commencement of limitations period does not toll limitation period), *affirmed*, 531 U.S. 4, 121 S.Ct.

28  361, 148 L.Ed.2d 213.  Petitioner does not allege any state habeas filings after November 7, 2012, and

1    thus would not be entitled to any statutory tolling during the running of the one-year limitation period.

2    Therefore, unless Petitioner is entitled to equitable tolling, the petition is untimely and must be

3    dismissed.

4              D.   Equitable Tolling.

5              The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to equitable

6    tolling in appropriate cases. See Holland v. Florida, 560 U.S. 631, 651-52, 130 S.Ct. 2549, 2561

7    (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation period

8    is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it

9    impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir.

10   2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's

11   lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of

12   limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a

13   litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been

14   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."

15   Holland, 560 U.S. at 651-652; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he

16   threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow

17   the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a

18   consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at 1107.

19             Here, Petitioner has made no express claim of entitlement to equitable tolling and, based on the

20   record now before the Court, the Court sees no basis for such a claim.  Accordingly, Petitioner is not

21   entitled to equitable tolling.  Thus, the petition is untimely and should be dismissed.

22                                           **CONCLUSION**

23             The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently

24   tolled, whether statutorily or equitable, rests with the petitioner.  See, e.g., Pace v. DiGuglielmo, 544

25   U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297

26   F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).  For the reasons

27   discussed above, the Court finds and concludes that Petitioner has not met his burden with respect to

28   the tolling issue.  Accordingly, the petition is late and should therefore be dismissed.

1      E.  Exhaustion.

2      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

3  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

4  exhaustion doctrine is based on comity to the state and gives the state court the initial opportunity to

5  correct the alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose

6  v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

7      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

8  full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

9  Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

10  F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and

11  fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

12  factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1,

13  112 S.Ct. 1715, 1719 (1992) (factual basis).

14      Additionally, the petitioner must have specifically told the state court that he was raising a

15  federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th

16  Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999);

17  Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court

18  reiterated the rule as follows:

19      In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies
        requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the
20      State the "opportunity to pass upon and correct alleged violations of the prisoners' federal
        rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity
21      to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact
        that the prisoners are asserting claims under the United States Constitution. If a habeas
22      petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due
        process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal
23      court, but in state court.

24  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

25      Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
        claims in state court *unless he specifically indicated to that court that those claims were based*
26      *on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the
        Supreme Court's decision in Duncan, this court has held that the *petitioner must make the*
27      *federal basis of the claim explicit either by citing federal law or the decisions of federal courts,*
        *even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999)
28      (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be
        decided under state law on the same considerations that would control resolution of the claim

6

on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims. <u>Raspberry</u>, 448 F.3d at 1154.

Here, as the Central District noted in its transfer order, there is no evidence currently in the record that Petitioner has ever presented his "recall" claim to any state court, much less to the California Supreme Court. (Doc. 3, p. 2, fn. 2). Indeed, Petitioner has presented no evidence that he has ever asked for recall of his sentence pursuant to sec. 1170.126. As such, the petition appears to be completely unexhausted. The Court cannot consider a petition that is entirely unexhausted. <u>Rose v. Lundy</u>, 455 U.S. at 521-22; <u>Calderon</u>, 107 F.3d at 760.

However, pursuant to the Ninth Circuit's mandate, the Court will permit Petitioner thirty days within which to submit a response to this Order to Show Cause. In his response, Petitioner should provide evidence to show (1) that his petition is timely; and (2) that he has presented his "recall" claim to the California Supreme Court. If Petitioner fails to submit a response within the time permitted, or if the response so submitted fails to persuade the Court that the petition is both timely and exhausted, the Court will recommend that the petition be dismissed.

## ORDER

For the foregoing reasons, the Court HEREBY ORDERS:

1.      Petitioner is ORDERED TO SHOW CAUSE **within 30 days** of the date of service of this Order why the Petition should not be dismissed for violation of the one-year statute of limitations in 28 U.S.C. § 2244(d) and for lack of exhaustion.

7

1      Petitioner is forewarned that his failure to comply with this order may result in a

2    Recommendation that the Petition be dismissed pursuant to Local Rule 110.

3

4    IT IS SO ORDERED.

5        Dated:   **April 29, 2015**                    **/s/ Jennifer L. Thurston**

6                                                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28